### Cook v. Commonwealth.

(Decided April 25, 1924.)

## Appeal from Pike Circuit Court.

Criminal Law—Setting Aside Order for New Trial Held Abuse of Discretion.—Where judgment was entered convicting defendant of carrying concealed a deadly weapon, in his absence on the second day of the term, when he believed his case was set for the third day, and the court granted his motion for new trial, it was an abuse of discretion to set aside the order granting the new trial on the third day when the Commonwealth moved for a continuance.

WILLIS STANTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Reversing.

A default judgment was taken against appellant
Cook in the Pike circuit court on the morning of the
second day of the term at a time when he believed his
case set for the third day, and in his absence. When he
arrived at the county seat about eleven o'clock he forth-
with prepared and filed a verified motion and grounds
for new trial. He set forth as grounds that he in good
faith believed his case was set for the third day, but in
order to be on time he had left home on that morning
and did not arrive at the county seat until after judg-
ment was entered; that he lived a long ways from town;
had never been indicted or in any trouble, and prayed
the court to grant him a new trial. The motion was
sustained and the court entered an order to that effect,
setting the case for trial on the third day. When the
case was called for trial on the third day the Common-
wealth was not ready and moved the court for a continu-
ance of the case, whereupon the court upon its own mo-
tion and without anything further appearing, set aside
the order granting a new trial, thus effectuating the
original judgment, finding appellant guilty and fixing his
punishment at a fine of $100.00 and thirty days in jail
and disfranchisement for the offense of carrying con-
cealed a deadly weapon. From this judgment appellant
prosecutes this appeal relying alone upon an abuse of
discretion on the part of the trial court in setting aside
the order granting a new trial.

The court deemed the showing made by appellant
sufficient to warrant the setting aside of the original
judgment and the granting of a new trial. Everything
was regular up to that time. On the next day the de-
fendant appeared and was ready for trial but the Com-
monwealth was not ready and moved for a continuance.
So far as the record shows the appellant did nothing to
justify the court in setting aside the order for new trial.
Indeed he did nothing at all save to present himself for
trial. The Commonwealth for some reason which the
record does not disclose desired to continue the case.
We learn from appellant's brief that no witness for the
Commonwealth was present. This was no fault of appel-
lant and furnished no ground for setting aside the order
granting a new trial.

The whole record considered we are of the opinion that the trial court acted hastily in setting aside the order for new trial and in doing so abused a sound discretion, for which reason the judgment must be reversed for new trial.

Judgment reversed.